CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRACY DARNELL CARTER, ) | | Civil Action No. 7:09-cv-00502 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **MEMORANDUM OPINION** |
| ) | | |
| SCOTT E. GARDNER, et al., ) | | By: Hon. James C. Turk |
| Defendants. ) | | Senior United States District Judge |

Plaintiff Tracy Darnell Carter, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Assistant Commonwealth Attorney and the court-appointed defense attorney involved in his state criminal prosecution. This matter is presently before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff alleges that the defendants violated due process by providing ineffective assistance of counsel and maliciously prosecuting him. Plaintiff admits that he is presently incarcerated for the convictions for which he is presently suing the defendants, and plaintiff acknowledges that his direct criminal appeal is pending in a state appellate court. Plaintiff seeks damages for every day he is incarcerated.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21, (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988). However, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, the court must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477,

---

[1] An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender). Therefore, plaintiff may not maintain this action against his counsel.

2

487 (1994). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the crimes for which he is incarcerated: if it were not for the defendants' acts depriving him of his constitutional rights, plaintiff would not have been convicted. Plaintiff can not prove favorable termination because he is still convicted and serving a sentence for the same convictions for which he seeks monetary relief.[2] Therefore, plaintiff pursues a meritless legal theory to attack his criminal conviction via a civil rights action without establishing any favorable termination. Accordingly, the court dismisses the complaint without prejudice as frivolous. See Omar v. Chasanow, 318 Fed. App'x. 188, 189 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying

---

[2]Plaintiff's conviction is still pending in a state appellate court, and habeas review is currently premature.

order to the plaintiff.

**ENTER**: This 11th day of December, 2009.

/s/ James C. [signature]
Senior United States District Judge